## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**J. KAIBAH BEGAY, GRACE BEGAY
and J.C. BEGAY,**

        Plaintiffs,

v.                                    No. CIV:96-0898 LCS

**THE BUREAU OF LAND MANAGEMENT
OF THE UNITED STATES DEPARTMENT
OF THE INTERIOR OF THE UNITED
STATES OF AMERICA,**

        Defendant

.

## MEMORANDUM OPINION

**THIS MATTER** is before the Court *sua sponte.*  On Jan. 15, 1997 the Court requested

the parties to address whether the Court had subject matter jurisdiction in this case.  Having

considered the briefs of counsel and the applicable law, the Court finds that it essentially has

appellate jurisdiction over the Plaintiffs' claim. An Order setting the briefing schedule will

accordingly be entered.

     The underlying dispute in this case, taking the allegations in the Plaintiffs' complaint as

true, *See Holt v. U.S.*, 46 F.3d 1000, 1002 (10th Cir. 1995) arose  in 1995.   Plaintiffs J. Kaibah

Begay, Brace Begay and J.C. Begay had received  a grazing permit which allowed their cattle to

graze on land leased by the federal government to the Navajo nation.   In the fall of that year, the

nation terminated its lease and filed suit against the federal government.  The Plaintiffs received

conflicting advice from Navajo officials and Defendant Bureau of Land Management officials

regarding whether their cattle could continue to graze during the pendency of the lawsuit; they decided to let their cattle continue grazing.  When the lease was reinstated, their  permit was not, for reasons not explicitly spelled out in the Complaint. They continued to allow their cattle to graze after being warned by the Defendant, Bureau of Land Management, officials that they were considered unauthorized grazers.  After several months of discussion, the Bureau moved to impound their livestock.  Plaintiffs have brought this suit to enjoin the impoundment

The parties agree that when a suit is brought to enjoin agency action on the grounds that it is capricious, arbitrary, an abuse of discretion  or not otherwise in accordance with law, see Administrative Procedure Act, 5 U.S.C. Sec. 706, the Federal District Court reviews the case essentially as an appeal. *Olenhouse v. Community Credit Corp.*, 42 F.3d 1560, 1579-80 (10th Cir. 1994).  In the present case, the parties agree that the Plaintiffs' Complaint alleges such a violation. Accordingly, this court has limited subject matter jurisdiction to review the BLM's decision. .

In their briefs on the jurisdiction question, the parties addressed whether the the Plaintiffs were barred from suing the agency for damages under the Civil Rights Act of 1866, 42 U.S.C. Sec. 1981, because of the doctrine of soverign immunity.  There is confusion whether soverign immunity is  a subject matter jurisdiction issue.  *Flores v. Long, et al.,* 110 F.3d 730, 732 (10th Cir. 1995).  However, because the issue was fully briefed by the parties, and because the resolution of the issue is in the interest of judicial economy, the Court will decide the question, holding that the Bureau of Land Management is indeed immune from damages liability under 42 U.S.C. Sec. 1981.

.

Plaintiff cites *La Compania Ocho, v. U.S. Forest Service*, 874 F.Supp. 1242, 1251 (D.N.M. 1995) , for the proposition that federal agencies are not immune from suit under the Civil Rights laws. Although that decision has been criticized, *See Williams v. Glickman,* 976 F.Supp. 1, 3, fn. 8 (D.D.C. 1996), under the doctrine of *stare decisis*, a federal district court should not lightly ignore the decision of a court of the same district.  *See Johns v. Redeker*, 406 F.2d 878, 882 (8th Cir. 1969).  However, the court in *La Compania Ocho* did not decide whether government agencies could be held liable for damages under the Civil Rights laws.  Without such a precedent in this Circuit, the Court chooses to follow the majority view, that agencies are immune from damages liability.  *See, e.g., Williams*, *supra; See also Selden Apartments v. U.S. Dept. Of Housing and Urban Development,* 594 F.2d 1060, 1062 (5th Cir. 1979); *Benima v. Smithsonian Institution*, 471 F.Supp. 62, 68 (D.Mass. 1979).

The Court having determined that it has appellate jurisdiction over Plaintiffs' claim for injunctive relief, an order will be entered setting a briefing schedule for that claim.

LESLIE C. SMITH

UNITED STATES MAGISTRATE JUDGE